UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 10-CV-310-HRW

JERRY W. LAWSON     PLAINTIFF

VS: **MEMORANDUM OPINION AND ORDER**

COY WILSON, *et al.*     DEFENDANTS

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Jerry W. Lawson, confined in the Clay County Detention Center ("CCDC") in Manchester Kentucky, filed a *pro se* 42 U.S.C. § 1983 civil rights Complaint alleging that Defendants Coy Wilson, Rick Baker, Steve Meadors, and the Police Department of Corbin, Kentucky unreasonably searched his vehicle and filed criminal charges against him, that the Knox Circuit Court has denied him due process of law in a pending criminal proceeding, and that another county jail denied him proper medical treatment. Lawson also asserts § 1983 claims against his court-appointed attorney representing him in his state court criminal proceeding.

As Lawson has previously been granted *in forma pauperis* status, and because he asserts claims against government officials, the Court must screen the Complaint and Amended Complaint under 42 U.S.C. §§ 1915A and 1915(e). Both of these sections require a district court to dismiss any claims that are frivolous or malicious,

fail to state a claim upon which may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.* §§ 1915(e) and 1915A.

The Clerk of the Court will be directed to amend the docket sheet to reflect that Lawson's submission Docket Number 9 is an Amended Complaint, and to designate additional persons and entities as defendants. For the reasons set forth below, the claims which Lawson asserts in both his original Complaint and his Amended Complaint will be dismissed.

## ALLEGATIONS OF THE COMPLAINT
## AND AMENDED COMPLAINT

The following is a summary the allegations in Lawson's original eight-page Complaint [Docket Nos. 2 (pages 1-4) and 8 (pages 5-8)].[1] Lawson alleges that while he and another individual were riding in a vehicle in Corbin, Kentucky, on January 14, 2010, Defendants Wilson, Baker, and Meadors, all City of Corbin police officers, illegally pulled them over; searched the vehicle; questioned them about a rash of broken car windows in Corbin; demanded proof of insurance on the vehicle; and filed criminal charges against Lawson.

---

[1] By Order of January 14, 2011 [Docket No. 6] Lawson was directed to complete and re-file pages 5-8 of his original Complaint, and to sign page eight of his Complaint. When Lawson complied on January 28, 2011, he asked permission to assert Eighth Amendment medical claims against the Knox County Jail [Docket No. 8, p. 5].

Lawson alleges that on previous occasions the defendants had stopped him under the pretext of not having car insurance, and that they should have obtained a search warrant on January 14, 2010. Lawson states that the criminal charges filed against him in the Knox Circuit Court resulting from the January 14, 2010, search of his vehicle were subsequently dismissed. Lawson attached what appears to be a part of a Knox Circuit Court docket sheet showing the following April 23, 2010, disposition of four drug charges filed against him in Case No. 10-F-00024 on January 14, 2010: "Dismiss After Present to Grand Jury" [Docket No. 2-1, p.2].[2] Lawson alleged that despite the dismissal of those charges, he has been in jail for 12 months; has "lost everything" he owns; and has suffered a stroke and declining health [Docket No. 8, p. 4]. Lawson did not, however, explain why he has remained in custody of the CCDC after the dismissal of the January 14, 2010 methamphetamine charges.

Lawson claims that both the prior episodes of harassment and the search of his vehicle on January 14, 2010, violated his Fourth Amendment right to be free from unreasonable searches and seizures. As Lawson alleges that the criminal charges resulting from the January 14, 2010, search were later dismissed, he also asserts

---

[2] According to the partial docket sheet Lawson attached, the following charges were dismissed in Case No. 10-F-00024: (1) Unlawful Possession of Meth. Precursor, 1st Offense; (2) Manufacturing Methamphetamine, 2nd Offense; (3) Use/Possess Drug Paraphernalia, 1st Offense; and (4) Poss. Controlled Sub., 1st Degree, 1st Off (Methamphetamine). [*Id.*].

3

construed malicious prosecution and/or abuse of process claims under the Fourteenth Amendment of the United States Constitution, which guarantees due process of law.

On January 28, 2011, Lawson submitted pages 5-8 of his original Complaint [Docket No. 8]. He clarified that he wanted to assert claims against the Knox Circuit Court and the Corbin Police Department, stating as follows:

> "My Complaint is against Corbin Police Dept and Knox Circuit Court. Corbin Police Dept. vilatated [sic] my civil rights and this has been ongoing for years now, and Knox Circuit Court has vilatated [sic] my due process rights."

*Id.*, p. 2.

Lawson also asked permission to assert Eighth Amendment medical claims against the Knox County Jail. Although Lawson is confined in the CCDC, and has been confined there since filing this action on November 10, 2011, he alleged that the Knox County Jail had denied him proper eye medication by giving him "outdated" eye drops for a year. Lawson did not state when the Knox County Jail had allegedly denied him proper eye medication, but that:

> The nurse her [sic] at CCDC has called the Knox Co. Jail several times about this matter and still nothing has been done. I need medical treatment and have been denied and neglected by Knox Co. Jail and Staff! So i [sic] would like to file a Complaint against Knox Co. Jail also for medical neglect in this suite [sic] also."

*Id.*

4

Lawson seeks unspecified damages to compensate him for all of his "losses" and an Order directing the Knox Circuit Court to clear his record of "all of these charges."

On February 10, 2011, Lawson filed a letter asserting additional claims, which the Court construes as an Amended Complaint [Docket No. 9].[3] Lawson challenges a criminal proceeding pending against him in the Knox Circuit Court, which he identifies as being Case No. 10-F-00024, the same criminal proceeding in which methamphetamine charges were filed against him on January 14, 2010, and dismissed on April 23, 2010.

Lawson did not identify the criminal charges pending against him in that proceeding, but reiterated that as of that date, he had been in jail for almost twelve months. Lawson states that on February 4, 2011, his civil rights were violated when a prosecution witness failed to appear at a suppression hearing for the sixth time. Lawson alleges that based on the failure of that witness to appear, the pending charges should have been dismissed. Lawson's claim, that his criminal prosecution

---

[3] Pursuant to of the Federal Rule of Civil Procedure 15(a)(1)(A), a party can amend a pleading once as a matter of right within twenty-one days of serving it. As Lawson filed his *completed* original Complaint on January 28, 2011, his subsequent February 10, 2011, submission, [D. E. No. 9], constitutes a timely filed Amended Complaint. The clerk of the Court will be instructed to designate that filing as an Amended Complaint in the CM/ECF docket sheet.

in Case No. 10-F-00024 violates his right to due process of law, falls under the Fourteenth Amendment of the United States Constitution.

Finally, Lawson alleges that his court-appointed defense attorney, Wendy Craig of the Kentucky Department of Public Advocacy, failed to acknowledge him or represent him at the hearing, and that another attorney had to step in and represent him. Lawson states that the suppression hearing has been continued until May 27, 2011. He seeks permission to name Wendy Craig as a defendant to this proceeding.

## DISCUSSION

*Pro se* complaints are held to less stringent standards than those drafted by attorneys. *Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008). At the screening phase, the allegations and legal arguments in a *pro se* complaint must be taken as true and construed in favor the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). However, as noted, a district court must dismiss any case which it determines is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

1. <u>Claims Against Wilson, Baker, Meadors, and the Corbin Police Department</u>

The claims against City of Corbin police officers Wilson, Baker, Meadors, and the Corbin Police Department will be dismissed without prejudice because they are

barred by the abstention doctrine, under which a district court must abstain from exercising its subject matter jurisdiction over claims which would result in unnecessary interference with ongoing state judicial proceedings. *Younger v. Harris*, 401 U.S. 37 (1971).

Lawson alleges that because the drug charges filed against him on January 14, 2010, in Knox Circuit Court Case No. 10-F-0024 were dismissed on April 23, 2010, he is being illegally prosecuted in Knox Circuit Court in violation of the due process requirement of the Fourteenth Amendment. Lawson either ignores, or is unaware of, the fact that although the Knox Circuit Grand Jury did not indict him in Case No. 10-F-0024 on April 23, 2010, it *did* indict him on the same drug/methamphetamine charges one month later, on May 28, 2010 resulting in *Commonwealth of Kentucky v. Lawson*, Knox Circuit Case No. 10-CR-00082-01.

Lawson alleges that the dismissal of the charges on April 23, 2010, should bar his current prosecution, but his premise is incorrect. Pursuant to Kentucky Rule of Criminal Procedure 5.22(3), the failure of the grand jury to return an indictment, *i.e.*, a charge that results in a "No True Bill," is not a dismissal with prejudice, and the Commonwealth is permitted to submit the charge to another grand jury. Therefore, the Grand Jury's decision not to indict Lawson on April 23, 2010, did not prevent a Grand Jury impaneled one month later from indicting him on the same charges. *See*

*Malone v. Commonwealth*, 30 S.W.3d, 18 0, 182 (Ky. 2000) ("If no indictment is returned, constituting a "no true bill," the prosecutor may resubmit the case to another grand jury."); *see also Commonwealth v. Holloway*, 225 S.W.3d 404, 406 (Ky. App. 2007) (holding that the petitioner could not have his criminal record expunged when the Grand Jury had rendered a "No True Bill," because a grand jury's refusal to indict is not a dismissal with prejudice, and the charges can be refiled).

Moreover, Lawson has not been subjected to double jeopardy by the subsequent indictment in Case No. 10-CR-0082. Neither double jeopardy nor collateral estoppel defenses apply to multiple grand jury proceedings and indictments cannot be attacked because of insufficient evidence. *Russell v. Commonwealth*, 405 S.W.2d 683, 684. (Ky.1966); *see also* Kentucky Rule of Criminal Procedure 5.10 ("no indictment shall be quashed or judgment of conviction reversed on the ground that there was not sufficient evidence before the grand jury to support the indictment").

Thus, a criminal proceeding is currently pending against Lawson in the Knox Circuit Court, Case No. 10-CR-0082. According to the public "Case History" of that proceeding, a pre-trial conference is scheduled for April 29, 2011, and a jury trial is scheduled for May 9, 2011. Because a criminal proceeding is currently pending against Lawson in state court, this Court must abstain from considering federal claims

8

asserted in this § 1983 action against Defendants Wilson, Baker, and Meadors, the police officers who searched his vehicle on January 14, 2010, and filed charges against him. Under the *Younger* abstention doctrine, a federal court must abstain from deciding a case that would be properly before it but for the pendency of state criminal proceedings in the matter. *Younger,* 401 U.S. at 44; *Tindall v. Wayne County Friend of the Court,* 269 F.3d 533, 538 (6th Cir. 2001).

Before Lawson can assert civil rights claims against the individuals and/or entities involved in his criminal prosecution, he must first raise any evidentiary or legal objections to his arrest in his state court criminal proceeding, and if he is convicted, on direct appeal. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy."). As the suppression hearing scheduled for February 4, 2011 has been rescheduled, and a pre-trial conference in 10-CR-0082 is scheduled for April 29, 2011, Lawson can assert his evidentiary and legal objections to his prosecution in that state court criminal proceeding.

A district court is authorized to consider, on its own motion, the applicability of the *Younger* abstention doctrine. *ADSA, Inc. v. Ohio*, 176 F. App'x 640, 643-644 (6th Cir. 2006); *Doscher v. Menifee Circuit Court,* 75 F. App'x 996, 997 (6th Cir.

9

2003) (affirming dismissal of complaint upon initial screening for lack of subject matter jurisdiction under *Younger*). Where *Younger* abstention is appropriate, dismissal of those claims without prejudice is required. *Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir.1986). Federal Rule of Civil Procedure 12(h)(3) also requires a district court to dismiss an action at any time if it determines that it lacks subject-matter jurisdiction over the claims. Lawson's Fourth and Fourteenth Amendment claims against Wilson, Baker, Meadors, and the Corbin Police Department will be dismissed without prejudice.

### 2. Claims Against Knox Circuit Court

While Lawson's Fourteenth Amendment due process claims against the Knox Circuit Court could easily be dismissed without prejudice under the *Younger* abstention doctrine, those claims will be dismissed with prejudice for failure to state a claim upon which relief can be granted. The claims seeking monetary damages from against the Knox Circuit Court are barred by the immunity provisions of the Eleventh Amendment to the United States Constitution, which deprives a federal court of jurisdiction to entertain a suit against a state and its agencies. *See also Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Eleventh Amendment immunity precludes suits brought against the state courts. *See Harmon v. Hamilton County Court of Common Pleas*, 83 F. App'x 766,

768 (6th Cir. 2003); *Metz v. Supreme Court of Ohio*, 46 F. App'x 228, 236-37 (6th Cir. 2002); *McKee v. Fayette Circuit Court*, 68 F.3d 474, 1995 WL 559331, **2 (6th Cir. 1995) (Table) (holding dismissal of a Kentucky circuit court (Fayette) was proper based on Eleventh Amendment immunity; citing *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472-73 (1987)).

Furthermore, civil rights actions under 42 U.S.C. § 1983 may only be brought against a "person," and courts are clearly not persons within the meaning of the statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71(1989). Lawson's claims against the Knox Circuit Court will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### 3. Claims Against Knox County Jail

Lawson asserts claims Eighth Amendment claims against the Knox County Jail, alleging that unidentified persons at that facility denied him proper eye drop medication, must also be dismissed with prejudice for failure to state a claim upon which relief can be granted. Because municipal departments, such as jails, are not "persons" subject to suit under § 1983, they are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991); *see also Marbry v. Corr. Med. Serv.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (Table) (holding that the Shelby County jail is not subject to suit under § 1983); *Chism v. Christian County*

11

*Jail*, No. 5:10-CV-88-R, 2010 WL 3947504 (W.D. Ky. October 7, 2010) (same, as to Christian County Jail); *Wilkey v. Adams*, No. 5:07-CV-P61, 2008 WL 2743939, at *4 (W. D. Ky., July 11, 2008) (same, as to the McCracken County Jail).

Further, assuming that Lawson could be asserting Eighth Amendment claims against the governing body of Knox County, *i.e.*, the Knox County Fiscal Court, that construed claim would also fail. To establish municipal liability under §1983, a plaintiff must allege that the municipality officially adopted, implemented, or executed a custom, policy statement, ordinance, regulation, or decision which resulted in a constitutional deprivation, even if the custom did not receive formal approval. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

A municipality cannot be held liable for damages under § 1983 based on *respondeat superior* solely because it employs a tort-feasor, *id.* at 691; it can only be held responsible for a constitutional deprivation if a direct causal link exists between its policy or custom and the alleged constitutional deprivation. *Id.* at 690-91; *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003); *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 442 (6th Cir. 2000); *Deacon v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Lawson does not allege that Knox County Fiscal Court officials either implemented or executed policies or engaged in a custom or pattern of conduct which

violated subjected him to deliberate indifference to a serious medical need in violation of the Eighth Amendment. He alleges *only* that during an unspecified period of time, unidentified persons at the Knox County Jail failed to provide him with "up to date" eye drops. Lawson's broad claims against the Knox County Jail are inadequate to impose liability on the Knox County Fiscal Court. *See Whaley v. Fayette County Sheriff*, No. 03-6460, (6th Cir. September 29, 2004) (Unpublished) (holding that where the plaintiff failed to allege that the City of Versailles and the Versailles Police Department implemented an unconstitutional county policy or procedure, but instead challenged only the conduct of specific law enforcement officials, this Court properly dismissed, *sua sponte*, plaintiff's Eighth Amendment claims against the municipal entities).

Lawson may file another action asserting claims against specific individuals at the Knox County Jail regarding the alleged denial of eye drops, assuming that he has properly and timely exhausted his claims according to that facility's policies and procedures. But his Eighth Amendment claims against the Knox County Jail, and/or the Knox County Fiscal Court, will be dismissed with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915 (e)(2)(ii).

### 4. Claims Against Public Advocate Wendy Craig

Lawson's § 1983 claims against his criminal defense attorney, public defender Wendy Craig, will be dismissed for failure to state a claim upon which relief can be granted. Because neither court-appointed counsel nor public defenders act under color of state law, they cannot be held liable for alleged deprivations of constitutional rights under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Anderson v. Sonenberg*, 111 F.3d 962 (D.C. Cir.1997) (unpublished table decision). Lawson's claims against Craig will be dismissed with prejudice, for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915 (e)(2)(ii).

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

1. The Clerk of the Court is directed to amend the CM/ECF Cover sheet to reflect that Plaintiff Jerry W. Lawson's submission Docket No. 9 is an Amended Complaint, and to designate the following as additional defendants: (a) the Corbin Police Department; (b) the Knox Circuit Court; (c) the Knox County Jail; and (d) Wendy Craig, Attorney, Kentucky Department of Public Advocacy.

2. Lawson's Fourth and Fourteenth Amendment claims against Coy

Wilson, Rick Baker, Steve Meadors, and the Corbin Police Department, asserted in his Complaint [Docket Nos. 2 and 8, p. 2] are **DISMISSED WITHOUT PREJUDICE**.

3. Lawson's Eighth Amendment claims against the Knox County Jail, asserted in his Complaint [Docket No. 8, p. 5] are **DISMISSED WITH PREJUDICE**.

4. Lawson's Fourteenth Amendment claims against the Knox Circuit Court, asserted in his original Complaint [Docket No. 8, p. 2] are **DISMISSED WITH PREJUDICE**.

5. Lawson's Fourteenth Amendment claims against Attorney Wendy Craig, asserted in his Amended Complaint [Docket No. 9] are **DISMISSED WITH PREJUDICE**.

6. The Court will enter a separate Judgment.

This 21st day of April, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge